IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON CARTER, <br> R32311, <br> <br>           **Plaintiff,** <br> <br> vs. <br> <br> ANTHONY WILLS, <br> JOHN/JANE DOE NURSES, <br> DR. C, <br> <br>           **Defendant.** | ) <br> ) <br> ) <br> )    Case No. 25-cv-1114-DWD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

      Plaintiff Antwon Carter, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges that from October of 2024 through February of 2025, he did not receive pain medications that had been prescribed after an outside hospital visit. Plaintiff's complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

While at the Cook County Jail, Plaintiff broke his arm in multiple places. He alleges that in 2024 while at Menard he was sent to an outside hospital for treatment of the long-term damage to his arm. He was prescribed pain medications, but upon return to Menard, he did not begin receiving the medications. After a week without medicine, Plaintiff wrote a request slip to healthcare but got no response. (Doc. 1 at 6). He then wrote to Defendant Wills about his situation but got no response. After weeks passed, he submitted an emergency grievance because he was suffering extreme pain without his medication. He alleges that Wills received constant request slips and grievances from him about his situation, but he deemed the grievance a non-emergency and failed to render any aid.

Plaintiff also alleges that beginning on October 22, 2024, and even earlier in May of 2024, he gave the nurses on the 7-3 and 3-11 shifts request slips related to his medication. He claims he also expressed his extreme pain to the nurses verbally, but they refused assistance. He claims that as of recently, the nurses have begun to refuse to accept his request slips, and they entirely ignore him. Plaintiff alleges it has now been more than a year that he has suffered without proper care at Menard. He seeks monetary compensation, and injunctive relief in the form of medications.

Plaintiff signed his complaint in February of 2025, but it was not received by the Court until late May. At the time of filing, he indicated he had not yet received a final

resolution on any grievances pending at the prison or the Administrative Review Board (ARB). He indicated he had sought status updates as recently as November of 2024, and was told his grievances were still pending. Given this information, the Court directed him to show cause about if he had received any new activity on his grievances between May of 2025 and July of 2025. (Doc. 7). Plaintiff timely responded indicating that he still had not gotten any responses. (Doc. 8).

Based on the allegations in the Complaint the Court designates the following Claims:

> **Claim 1:** **Eighth Amendment deliberate indifference claim against Anthony Wills for failing to investigate or respond to Plaintiff's numerous grievances and pieces of correspondence about his pain medication;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against John/Jane Doe nurses for refusing assistance from October 22, 2024, through February 5, 2025 (the date the complaint was filed).**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

PRELIMINARY DISMISSAL

In the caption of the case, Plaintiff named Dr. C as a defendant, but he does not mention Dr. C anywhere in his factual allegations. Naming an individual without

describing their involvement in the facts is insufficient to state a claim. *See, Black v. Lane,* 22 F.3d 1395, 1401 n.8 (7th Cir. 1994) (merely naming a defendant without describing his or her personal role is insufficient to state a claim). Therefore, Dr. C is dismissed without prejudice for failure to state a claim.

## DISCUSSION

Plaintiff's allegations against Anthony Wills are sufficient at this juncture to state a claim. Plaintiff alleges that he has contacted Wills numerous times via grievances and other written correspondence, but Wills has deemed his situation a non-emergency and has not investigated. Although prison supervisors, like the warden, cannot be held liable merely for their role in the administrative hierarchy, Plaintiff alleges that Wills has consistently refused to render aid for his severe pain and lack of medical or medical treatment. *See e.g., Perez v. Fenoglio,* 792 F.3d 768, 779 (7th Cir. 2015) (an official who receives repeated and detailed correspondence about a serious medical issue but does not respond or investigate may be held liable for deliberate indifference). He further alleges both via his complaint and his response to the Order to Show Cause, that he has been entirely unable for nearly a year at this point to get a response to any of his grievances about this issue. He explains that he has tried to seek status updates via the appropriate methods, to no avail. Against this backdrop, Plaintiff has plausibly alleged that Wills may have demonstrated deliberate indifference to his situation.

It should be noted, for now the Court is satisfied that Plaintiff has made reasonable efforts to exhaust his claims by the statements in his complaint and the response to the order to show cause, but this does not mean that the issue of exhaustion is resolved in

this case. The defendants are free to pursue this issue further, and it will be their burden to establish that exhaustion was available and was not completed appropriately.

In Claim 2, Plaintiff faults all nurses who work two shifts in his cellhouse for refusing assistance and eventually beginning to ignore him entirely. While it certainly may be feasible to maintain a deliberate indifference claim related to these facts, Plaintiff must provide more information about these individuals than just the allegation that everyone who works a particular shift over many months is liable. This is so because § 1983 liability relies heavily on personal involvement, and the blanket assertion that one or more defendants harmed an inmate is not enough to plead a claim. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (the assertion that one or more defendants caused harm is too vague to sustain a § 1983 claim). Plaintiff does not need to determine the nurses' names to hold them liable, but he must at least be able to describe them with some amount of detail that can be used to tell one person's actions from those of another. For example, he may provide physical descriptions and details about how often he has interacted with each individual. At minimum, he should indicate how many individuals he wishes to hold liable. Has he dealt with just 4 nurses repeatedly, or has he dealt with numerous different individuals on a daily basis? The greater the number of individuals,

the more important it is that he provide information like a physical description. Until Plaintiff supplies further information, Claim 2 is dismissed as inadequately pled.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendant Anthony Wills. By contrast, **Claim 2** is insufficient to state a claim against the John/Jane Does. The Clerk of Court shall **TERMINATE** Dr. C and the John/Jane Does because Plaintiff has not pled a sufficient claim against these parties.

The Clerk of Court is **DIRECTED** to prepare for Defendant Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

DATED: October 17, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.